**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **DAVID N. ALEXANDER as ADMINISTRATOR** | : | |
| **OF THE ESTATE OF MELISSA HELEN** | : | **CIVIL ACTION** |
| **JOHNSON-ALEXANDER, deceased, and DAVID** | : | |
| **N. ALEXANDER, individually as the Father and** | : | |
| **Natural Guardian of MELISSA HELEN** | : | |
| **JOHNSON-ALEXANDER,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | |
| | : | |
| **ROADWAY EXPRESS, INC., DENNIS KEITH** | : | **No. 08-4591** |
| **YETTER and CHIFFON B. JOHNSON,** | : | |
| **Defendants.** | : | |


## MEMORANDUM AND ORDER

Presently before the court is a Motion to Compel Discovery Responses (Doc. # 13 ) filed by Plaintiff, David N. Alexander, seeking to compel Defendants, Roadway Express Inc. and Dennis Keith Yetter, to provide full and complete responses to previously served discovery requests.  Upon review of Defendants' Response to Plaintiff's Motion (Doc. #16), and Plaintiff's Reply Brief (Doc. #17), and upon consideration of the arguments advanced by counsel at oral argument before me on March 17, 2009, Plaintiff's motion will be granted in part and denied in part.[1]

Plaintiff's motion to compel initially involved 70 separate discovery demands propounded by Plaintiff.  Plaintiff identified 42 requests contained in his Supplemental Interrogatories ("SI"); 24 requests contained in his Supplemental Request for Production of

---

[1]  Pursuant to 28 U.S.C. §636(b)(1)(A), and by Order dated March 10, 2009 (Doc. No. 24), the Honorable C. Darnell Jones  referred this discovery dispute to the undersigned for resolution.

Documents ("SRPD"); and 4 requests contained in his First Set of Discovery Demands ("FSDD") as to which Defendants allegedly provided deficient responses.  However, prior to oral argument on March 17, 2009, I held a conference with the parties in an attempt to narrow the issues and forge consensus on some areas of dispute.

As a result of this conference, the parties have agreed as follows:

(1)  Plaintiff agrees to withdraw Supplemental Interrogatories Numbers 14, 15, 18, 19, 20, 35, and 38; and Supplemental Requests for Production of Document Numbers 6, 12, 13, 14, 15, 16, 17, 22, and 26.

(2)  Plaintiff agrees to redraft and Defendants agree to respond to Supplemental Interrogatories Numbers 31, 32, and 33; Supplemental Request for Production of Documents Numbers  3, 4, 20, 21, 23, 24, 25, and 28; and First Set of Discovery Demands, Number 8. Plaintiff shall serve these revised requests within five days of the date of this Order, and Defendants shall provide responses with fourteen days of receipt of the revised demands from Plaintiff.

(3)  Defendants agree to supplement their responses to Supplemental Interrogatories Numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 16, 17, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 34, 36, 37, 41, and 42; and Supplemental Request for Production of Documents Numbers 2, 8, 9, 10, 18, 19, 27.

The parties were unable to reach an agreement regarding two issues: (1) requests related to the movement of Defendant Roadway's fleet of vehicles on SR 78 on the date and time of the

accident at issue;[2] and (2) requests related to email messages regarding the accident at issue.[3]

As more fully discussed below, Plaintiff's motion to compel regarding Supplemental Request for Production of Documents Number 29 is granted.  I also grant Plaintiff's motion regarding Supplemental Interrogatories Numbers  39, 40; and First Set of Discovery Demands Number 11, subject to a limitation on the location, date, and time regarding the information sought.  I deny Plaintiff's motion regarding First Set of Discovery Demands Number 4.   Finally, I deny without prejudice Plaintiff's motion regarding Supplemental Request for Production of Documents Number 11 and First Set of Discovery Demands Number 14.

**DISCUSSION**

**A.      Requests Relating to Identification of Roadway Vehicles.**

The first category of discovery demands in dispute relate to Plaintiff's efforts to identify the Roadway vehicles in the vicinity of the crash on the date and time in question.  Plaintiff seeks information related to the "movement or presence of any Roadway or Roadway Express tractors and/or trailers on SR 78 West at or near the Hamburg Exit [of SR 78] from 3 a.m. to 6 a.m. on July 5, 2007."  *See* SRPD 29.  Plaintiff also seeks the number assigned to any tractor/trailer identified; the name of the driver of any tractor/trailer identified; the origination and destination of any tractor/trailer identified; and the EZ pass records of any tractor/trailer identified.  *See* SI

---

[2]  These requests are set forth in the First Set of Discovery Demands, Numbers 4 and 11; the Supplemental Interrogatories, Numbers 39 and 40; and the Supplemental Request for Production of Documents, Number 29.

[3]  These requests are set forth in the First Set of Discovery Demands, Number 14; and the Supplemental Request for Production of Documents, Number 29.

39-40 and FSDD 11.  Defendants argue that this request should be denied because the information sought is not relevant and would place an undue burden on Defendant Roadway.

The Federal Courts have broad discretion to manage discovery, *Sempier v. Johsnson*, 45 F.3d 724, 734 (3d Cir. 1995), and it is well recognized that the Federal Rules permit broad and liberal discovery.  *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999).  Pursuant to the Federal Rules of Civil Procedure, parties may obtain discovery regarding "any matter, not privileged, that is relevant to any parties claim or defense." Fed.R.Civ.P. 26(b)(1).  The information sought need not be admissible at trial, so long as it is reasonably calculated to lead to the discovery of admissible evidence.  *Id.*  Further, the Federal Rules' relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978).  Once a discovery request has been received, the party asserting that the request is irrelevant or unduly burdensome must show specifically how the request is burdensome, oppressive, or irrelevant.  *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *see also Momah v. Albert Einstein*, 164 FRD 412, 417 (E.D.Pa. 1996); Fed.R.Civ.P. 33(b)(4).

The information sought by Plaintiff regarding the movement of Defendant Roadway's vehicles on SR 78 West at or near the Hamburg Exit [of SR 78] from 3 a.m to 6 a.m. on July 5, 2007, is relevant and does not place an undue burden on Defendant Roadway.  Plaintiff's claim involves an accident in which it is alleged that a Roadway tractor trailer sideswiped a minivan parked in the breakdown lane of SR 78 at approximately 3:45 a.m., killing one of the occupants of the minivan.  The striking vehicle, identified by witnesses as a Roadway tractor trailer, failed to stop, thereby preventing Plaintiff from identifying the offending tractor trailer with specificity.

Thus, the information relating to Roadway tractor trailers traveling on SR 78 West on the date and time of the accident is patently relevant to Plaintiff's claim that a Roadway tractor trailer was involved in the accident at issue.

Moreover, Defendants object to these requests on the grounds that they impose undue burden on Defendant Roadway.  Importantly, a party who fails to respond to a discovery request on the grounds that the discovery sought is overly burdensome must do more than simply claim "burden."  Defendants have failed to support the claim of burden with any specificity as to how providing this information would be unduly burdensome.  *Josephs,* 677 F.2d at 992 ("the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory"); *see also Momah*, 164 FRD at 417; *see* Fed.R.Civ.P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity").  Plaintiff has narrowly tailored his request to Roadway vehicles operating on SR 78 on July 5, 2007, between 3 a.m and 6 a.m.   *See* SRPD 29.

This narrowly-tailored request is intended to identify any of Defendant Roadway's vehicles that may have been the striking vehicle, and therefore is relevant to Plaintiff's claim. Because Defendants have failed to establish that these requests are unduly burdensome, I will grant Plaintiff's motion to compel responses to these requests subject to the following:

(1) Plaintiff's motion to compel a response to Supplemental Request for Production of Documents Number 29 is granted.  Defendant shall respond to Plaintiff's  request seeking all documents related to the "movement or presence of any Roadway or Roadway Express tractors and/or trailers on SR 78 west at or near the Hamburg (latitude 40 degrees, 34 minutes, 13.19 seconds/longitude, 75 degrees, 57 minutes, 46.49 seconds) exit from 3 a.m. to 6

a.m. on July 5, 2007."

(2) Plaintiff's motion to compel a response to First Set of Discovery Demands Number 4 is denied as overly broad and duplicative.  This request seeks information related to "any Roadway Express, Inc., vehicle traveling on Pennsylvania's Westbound State Route 78 from July 4, 2007 through July 5, 2007."  This request is overly broad in that it seeks information related to Defendant's vehicles traveling on SR 78 west throughout state of Pennsylvania for up to twenty four (24) hours before and after the accident at issue occurred.  Moreover, if this request is limited to information regarding Defendant's vehicles traveling on SR 78 west at or near the Hamburg exit of SR 78 from 3 a.m. to 6 a.m. on July 5, 2007, it becomes duplicative of the information sought above in Supplemental Request for Production of Documents Number 29. Consequently, Plaintiff's motion to compel as it relates to this request is denied.

(3) Plaintiff's motion to compel a response to First Set of Discovery Demands Number 11 is granted, subject to the location, date, and time limitations identified in Supplemental Request for Production of Documents Number 29.  Defendant Roadway shall respond to Plaintiff's request for copies of EZ pass statements or records for all Roadway Express Inc., vehicles operating on SR 78 west at or near the Hamburg exit from 3 a.m. to 6 a.m. on July 5, 2007.

(4) Plaintiff's motion to compel responses to Supplemental Interrogatories Numbers 39 and 40 is granted, subject to the location, date, and time limitations as described in Supplemental Request for Production of Documents Number 29.  Defendant Roadway shall respond to Plaintiff's request for the number assigned to any tractor and/or trailer operating on SR 78 west at or near the Hamburg exit from 3 a.m. to 6 a.m. on July 5, 2007.  Defendant

Roadway shall also provide the name of the operator of any such tractor and the origination and destination of any such tractor.

**B.      Requests Relating to E-mail Communications Concerning the Accident.**

In Supplemental Request for Production of Documents Number 11 and First Set of Discovery Demands Number 14, Plaintiff seeks "copies of any and all emails between employees of Roadway regarding the automobile accident of July 5, 2007." *See* FSDD 11. Defendants did not respond directly to this request in his response to Plaintiff's motion, but Defendants did address this issue at oral argument on March 17, arguing that this request is overly broad and unduly burdensome. Defendants argue that this request, as written, would necessitate a search of the email account of every employee of Roadway Inc. regardless of their position at the company. Moreover, Defendants correctly note that the requests, as written, fail to specify a time frame for the emails sought.

I agree that these two requests are not sufficiently narrow and specific, and are overly broad as written. *Roseberg v. Johns Manville*, 85 F.R.D. 297, 304 (E.D.Pa. 1982) (discovery requests should be as narrow as possible to reduce and prevent undue burden). Plaintiff's failure to tailor his request to Roadway employees that would be in a position to have knowledge of the accident at issue for the relevant time period renders his request overly broad. Consequently, I will deny Plaintiff motion to compel responses to Supplemental Request for Production of Documents Number 11 and First Set of Discovery Demands Number 14 without prejudice to Plaintiff's right to re-draft these requests so that they are more narrow and more focused on the issues presented by this lawsuit.

An appropriate Order follows:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID N. ALEXANDER as ADMINISTRATOR | : | |
| OF THE ESTATE OF MELISSA HELEN | : | **CIVIL ACTION** |
| JOHNSON-ALEXANDER, deceased, and DAVID | : | |
| N. ALEXANDER, individually as the Father and | : | |
| Natural Guardian of MELISSA HELEN | : | |
| JOHNSON-ALEXANDER, | : | |
| **Plaintiffs,** | : | |
| v. | : | |
| | : | |
| ROADWAY EXPRESS, INC., DENNIS KEITH | : | **No. 08-4591** |
| YETTER and CHIFFON B. JOHNSON, | : | |
| **Defendants.** | : | |

### O R D E R

AND NOW, this  24TH  day of  March, 2009, upon consideration of Plaintiff's

Motion to Compel Discovery Responses (Doc #13), Defendants' Response to Plaintiff's Motion

(Doc. #16), and Plaintiff's Reply Brief (Doc. #17), and upon consideration of the arguments

advanced by counsel at oral argument before me on March 17, 2009, **IT IS HEREBY**

**ORDERED** that the  Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) the motion is **GRANTED** as to Supplemental Request for Production of Documents Number 29.

(2) the motion is **DENIED** as to First Set of Discovery Demands Number 4.

(3) the motion is **GRANTED** as to First Set of Discovery Demands Number 11 and Supplemental Interrogatories Numbers 39, 40, subject to the limitation that Defendants' response shall be limited to vehicles operating on SR 78 west at or near the Hamburg exit from 3 a.m. to 6 a.m. on July 5, 2007.

(4) the motion is **DENIED WITHOUT PREJUDICE** as to Supplemental Request for Production of Documents Number 11 and First Set of Discovery Demands Number  14.

BY THE COURT:

 /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE